UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES P. POSEY,

                                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                    Defendant.

Case No. 3:13-cv-05649-KLS

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES, AND
OTHER EXPENSES PURSUANT TO
EQUAL ACCESS TO JUSTICE ACT

        This matter is before the Court on plaintiff's filing of a motion for attorney fees and other

expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). See ECF #17.

Plaintiff seeks a total of $4,694.20 in attorney's fees and expenses in the amount of $61.72. See

id. After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply

thereto, and the remaining record, the Court hereby finds that for the reasons set forth below

plaintiff's motion should be granted.

                            FACTUAL AND PROCEDURAL HISTORY

        On May 16, 2014, the Court reversed defendant's decision to deny plaintiff's applications

for disability insurance and Supplemental Security Income ("SSI") benefits, and remanded the

matter for further administrative proceedings. See ECF #15. On August 5, 2014, plaintiff filed

ORDER - 1

1    his motion for attorney fees and other expenses pursuant to the EAJA. See ECF #17. As

2    defendant has filed her response to plaintiff's motion, and plaintiff has filed his reply thereto, this

3    matter is now ripe for the Court's review.

4                                               DISCUSSION

5        The EAJA reads in relevant part:

6        Except as otherwise specifically provided by statute, a court shall award to a

7        prevailing party other than the United States fees and other expenses, in
         addition to any costs awarded pursuant to subsection (a), incurred by that

8        party in any civil action (other than cases sounding in tort), including
         proceedings for judicial review of agency action, brought by or against the

9        United States in any court having jurisdiction of that action, unless the court

10       finds that the position of the United States was substantially justified or that
         special circumstances make an award unjust.

11

12   28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the

13   claimant must be a "prevailing party"; (2) the government's position must not have been

14   "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney

15   fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158

16   (1990).

17       In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is

18   considered a prevailing party for purposes of attorneys' fees." Akopyan v. Barnhart, 296 F.3d

19
20   852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). [1] Such a

21   _____

22   [1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions
     in Social Security benefit cases." Id., 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth

23   the exclusive methods by which district courts may remand [a case] to the Commissioner." Id. "The fourth sentence
     of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the

24   [Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98
     (1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency

25   erred in some respect in reaching a decision to deny benefits."). A remand under sentence four thus "becomes a final
     judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon

26   expiration of the time for appeal." Akopyan, 296 F.3d at 854. A sentence six remand, on the other hand, "may be
     ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or
     where new, material evidence is adduced that was for good cause not presented before the agency." Id. Accordingly,
     "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855. Instead, "'[i]n

     ORDER - 2

plaintiff is considered a prevailing party even when the case is remanded for further

administrative proceedings. Id. There is no issue here as to whether plaintiff is a prevailing party

given that as discussed above, the Court reversed defendant's decision to deny benefits and

remanded this case for further administrative proceedings. In addition, defendant does not argue

there are – nor do there appear to be – any special circumstances making an award of attorney's

fees unjust.

As noted above, to be entitled to attorney fees under the EAJA, defendant's position must

not be "substantially justified." Jean, 496 U.S. at 158. Normally, for defendant's position to be

"substantially justified," this requires an inquiry into whether defendant's conduct was "'justified

in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person"

– and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258

(9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54

F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at

158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean

'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting

Pierce, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more

than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d

at 1258. Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d

at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each

stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found

---

sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand
proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal
period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

ORDER - 3

1   to be disabled or not, the government's position at each [discrete] stage [in question] must be

2   'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078

3   (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the

4   particular issue on which the claimant earned remand was substantially justified, not on whether

5   the government's ultimate disability determination was substantially justified."). Accordingly,

6   the government must establish that it was substantially justified both in terms of "the underlying

7   conduct of the ALJ" and "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d

8   at 1259.  As the Ninth Circuit further explained:

9

10   > The plain language of the EAJA states that the "'position of the United States'
   > means, in addition to the position taken by the United States in the civil
11   > action, the action or failure to act by the agency upon which the civil action is
   > based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316
12   > (explaining that the "position" relevant to the inquiry "may encompass both
   > the agency's prelitigation conduct and the [agency's] subsequent litigation
13   > positions"). Thus we "must focus on two questions: first, whether the
   > government was substantially justified in taking its original action; and,
14   > second, whether the government was substantially justified in defending the
   > validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.
15   > 1988).
16

17   Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of

18   the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the

19   Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the

20   government's decision to defend its actions in court would be substantially justified, but the

21   underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11).

22   The EAJA does create "a presumption that fees will be awarded unless the government's

23   position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569

24

25

26   [2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

1   (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could

2   show its position in regard to issue on which court based its remand was substantially justified).

3   Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position

4   was not substantially justified." Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335.

5           Substantial justification will not be found where the government defends "on appeal . . .

6   'basic and fundamental' procedural mistakes made by the ALJ." Lewis v. Barnhart, 281 F.3d

7   1081, 1085 (9th Cir. 2002) (quoting Corbin, 149 F.3d at 1053). In Corbin, the Ninth Circuit

8   found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural

9   errors, making it "difficult to justify" the government's position on appeal in that case. Corbin,

10  149 F.3d at 1053. In Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit

11  found the ALJ "committed the same fundamental procedural errors" noted in Corbin in failing

12  "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints,"

13  and "to make any findings regarding" the diagnosis of a non-examining medical expert. The

14  Court of Appeals went on to find the ALJ committed additional procedural errors not present in

15  Corbin, including rejecting "a treating physician's opinion in favor of a non-treating physician's

16  opinion without providing clear and convincing reasons." Id.

17          The Court in this case found the ALJ erred in giving less weight to the opinion of

18  examining psychologist, Raymond C. List, Ph.D., on the basis of plaintiff's activities of daily

19  living, because the record failed to show those activities were performed at a frequency or to an

20  extent necessarily inconsistent with Dr. List's opinion, and accordingly the ALJ failed to

21  establish any actual contradiction that undermined that opinion. See ECF #15, pp. 5-6. Given this

22  error, the Court accordingly also found the ALJ's residual functional capacity assessment and

23  step five finding, and thus the ALJ's non-disability determination, could not be said to be

ORDER - 5

supported by substantial evidence and therefore free of error as well. See id. at pp. 2-3, 6-10. The

ALJ's failure to offer specific and legitimate reasons for rejecting an examining physician is of a

substantially similar nature as those "basic and fundamental" procedural errors pointed out in

Corbin and Shafer.

Defendant argues the ALJ's evaluation of that opinion had a reasonable basis both in law

and fact, and therefore so did the government's position in defending it in federal court, because

the record reflected activities of daily living that were inconsistent with Dr. List's opinion. The

Court agrees ALJ's decision to give less weight to Dr. List's opinion based on plaintiff's daily

activities had a reasonable basis in law, given that an ALJ may reject a physician's opinion for

that reason. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 601-02 (9th Cir.

1999) (upholding rejection of physician's conclusion that claimant suffered from marked

limitations in part on basis that other evidence of claimant's ability to function, including

reported activities of daily living, contradicted that conclusion).

The Court declines to find, however, that the ALJ's decision regarding that evidence had

a reasonable basis in fact. As noted above, the failure to provide a specific and legitimate reason

for rejecting the opinion of an examining physician is the type of "basic and fundamental" error

noted by the Ninth Circuit that makes it difficult to justify the government's defense thereof.

Lewis, 281 F.3d at 1085; Corbin, 149 F.3d at 1053. It is true that the Court stated in its order that

the record failed to show plaintiff's reported daily activities were performed at a frequency or to

an extent that *necessarily* was inconsistent with Dr. List's opinion. See ECF #15, p. 6. But the

Court also stated the ALJ had not established any actual contradiction between that opinion and

those activities. See id. As such, the ALJ erred in establishing plaintiff's reported daily activities

as a legitimate basis for discounting the opinion of Dr. List. The ALJ's rejection thereof thus was

ORDER - 6

1  not reasonable in light of the record as a whole, and therefore the government's position was not

2  substantially justified in defending it. See Gundy v. Astrue, 500 Fed.Appx. 609, 611, 2012 WL

3  6054771, at **2 (9th Cir. Dec. 6, 2012) (concluding record lacked sufficient evidence on which

4  ALJ could have reasonably based his decision to reject medical evidence, and thus government's

5  defense of ALJ's procedural errors was not substantially justified).

6

CONCLUSION

7

8       For all of the foregoing reasons, plaintiff's motion for attorney's fees, costs and expenses

9  pursuant to the EAJA (see ECF #17) hereby is GRANTED.  Accordingly, the Court also hereby

10  orders as follows:

11      (1)   Plaintiff is granted attorney fees in the amount of $4,694.20 and expenses in the amount

12            of $61.72.

13
        (2)   Subject to any offset allowed under the Treasury Offset Program, as discussed in
14
              Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, (2010), payment of this award shall be
15
              sent to plaintiff's attorney Joseph B. Lavin at his address: Joseph B. Lavin, Attorney at
16
              Law, 101 E. 5th St., Port Angeles, Washington 98362.
17

18      (3)   After the Court issues this Order, defendant will consider the matter of plaintiff's

19            assignment of EAJA fees and expenses to plaintiff's attorney.  Pursuant to Astrue v.

20            Ratliff, the ability to honor the assignment will depend on whether the EAJA fees and

21            expenses are subject to any offset allowed under the Treasury Offset Program.
22
              Defendant agrees to contact the Department of Treasury after this Order is entered to
23
              determine whether the EAJA attorney fees and expenses are subject to any offset.  If
24
              the EAJA attorney fees and expenses are not subject to any offset, those fees and
25

26            expenses will be paid directly to plaintiff's attorney Joseph B. Lavin, either by direct

ORDER - 7

1    deposit or by check payable to him and mailed to his address.

2    DATED this 10th day of September, 2014.

3

4

5

6    Karen L. Strombom
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8